UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-60407-RKA

VINCENT GROSSI,

  Plaintiff,

v.

CCB CREDIT SERVICES, INC., and
WORLD OMNI FINANCIAL CORP., d/b/a
SOUTHEAST TOYOTA FINANCE,

  Defendants.
_____/

**DEFENDANTS, CCB CREDIT SERVICES, INC., AND WORLD OMNI FINANCIAL CORP., D/B/A SOUTHEAST TOYOTA FINANCE'S, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [DE 14]**

Defendants, CCB CREDIT SERVICES, INC. ("CCB") and WORLD OMNI FINANCIAL CORP., d/b/a SOUTHEAST TOYOTA FINANCIAL ("SETF") (collectively referred to as "Defendants"), pursuant to Local Rule 7.1(c)(1), file this Memorandum of Law in Opposition to Plaintiff, VINCENT GROSSI's, Motion to Remand, *see generally e.g.,* Doc. 14, and in support thereof, states as follows:

**I. INTRODUCTION**

This is a consumer debt collection action relating to Plaintiff's assertion that Defendants attempted to collect a debt associated with a transaction to finance Plaintiff's vehicle allegedly in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, and the Florida Consumer Collections Practice Act ("FCCPA"), § 559.72, *Fla. Stat. See generally* Doc. 1–3 at pp. 6–14. As a result, Plaintiff claims he was "inconvenienced," *see e.g.*, *id* at ¶38, severely harassed," *see e.g.*, *id.* at ¶42, and suffered "statutory damages," *see e.g.*, *id.* at ¶¶ 39, 46, caused

1

by the receipt of Defendants' collection notice. *Id.* But now that Defendants have removed this case, Plaintiff seeks to backpedal from these allegations to shift the burden on Defendants to establish Plaintiff's Article III standing with a factual showing. *Id.* Although this presents quite the procedural quagmire, Defendants did, and have, shown Article III standing to confer federal jurisdiction for this action.

For the reasons stated in more detail below, Plaintiff's Motion to Remand is due to be denied. *See generally* Doc. 14.

## II.  BACKGROUND

1. This action was originally filed on January 27, 2021, in the County Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, by the Plaintiff, Vincent Grossi, against Defendants, CCB and SETF, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and Florida's Consumer Collection Practices Act, § 559.72(2), *Fla. Stat.* ("FCCPA"). *See generally* Doc. 1–3 at pp. 6–12. The crux of Plaintiff's complaint is that Defendants sent a collection letter during the height of the pandemic – allegedly a "unique" and "inconvenient" time – in violation of state and federal law. *Id.*

2. On February 22, 2021, Defendants removed the case as this Court has discretion to exercise original jurisdiction to review Plaintiff's FDCPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction to review Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1441(c). *See generally* Doc. 1 at pp. 2–5.

3. On March 1, 2021[1], Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint and asserted several defenses including, *inter alia,* the FDCPA and FCCPA's

---

[1] On March 08, 2021, Defendants filed their Amended Answer and Affirmative Defenses to Plaintiff's Complaint. *See* Docs. 11, 12.

*bona fide* error defenses, and Defendants' lack of requisite "actual knowledge" element to support a claim under Florida Statute Section 559.72(9).  *See* Docs. 5, 6.

4. Ten days later, on March 11, 2021, Plaintiff filed his motion to remand raising the issue that he lacks Article III standing for federal court jurisdiction.  *See* Doc. 14.  As such, the instant opposition ensued.

## III. LEGAL STANDARD

Two issues come into play: Defendants' burden as the removing party to establish federal jurisdiction and Plaintiff's Article III standing to sue for an FDCPA claim.

### A. <u>Removal Standard</u>

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently.  The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc*., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).  Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) (citations omitted). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal subject matter jurisdiction is circumscribed by Article III of the Constitution to "Cases" and "Controversies." U.S. Const. art. III § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351

(1992) (alteration added; citation omitted).  Standing is thus a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).

      **B.**      <u>**Article III Standing**</u>

Standing is established by showing an injury in fact, traceable to the defendant's conduct, that is likely redressable by a favorable judicial decision. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting Lujan, 504 U.S. at 560).

Courts look to the <u>substance of a complaint's allegations</u> to determine the existence of standing arising from a concrete injury.  *See Salcedo*, 936 F.3d at 1167. (emphasis added).  This "concrete injury" requirement is only met by a showing of a "real, and not abstract" harm "even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1548-49 (alteration added; quotation marks and citation omitted).

      **IV.**      **ARGUMENT AND AUTHORITIES**

      **A.**      **Defendants Fulfilled Their Requirement to Establish the Burden for Grounds for Removal to This Court.**

Title 28, Section 1446 of the United States Code provides the procedure for removal of any civil action from state court to federal court.

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice

> of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). The statute further includes a requirement that the notice of removal be filed within 30 days and, furthermore, that any joined defendants consent to the removal. *Id*. at § 1446(b). Notably, the statute has additional requirements where an action is predicated upon diversity jurisdiction, but not for those cases – such as this one – where jurisdiction is predicated upon a federal question.

Federal question jurisdiction clearly existed over this matter at the time of removal (and presently) based upon Plaintiff's clear request for relief on a claim arising under federal law, namely, the FDCPA. *See* Doc. 1–3 at pp. 6–11; *see also Lesman v. Mortg. Elec. Registration Sys.,* No. 2:12-CV-00023-RWS-SSC, 2012 U.S. Dist. LEXIS 104930, at *6 (N.D. Ga. July 26, 2012) (finding that federal question jurisdiction existed based on the plaintiffs' assertion of a claim for relief under the FDCPA).

Based upon Plaintiff's clear attempts to plead a claim under federal law in his Complaint, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. *See Bank of N.Y. v. Wilson*, No. 1:08-CV-332-TWT, 2008 U.S. Dist. LEXIS 14256, at *1 (N.D. Ga. Feb. 22, 2008). Here, it is undisputable that Plaintiff's FDPCA claim (Count I) arises under the laws of the United States since a federal statute provides for the claim. *See* Doc. 1–3 at p. 5. And Plaintiff has not, and in good faith cannot, allege that his purported claim against Defendants under the FDCPA does not confer this Court with jurisdiction under 28 U.S.C. §§ 1331, 1367.

In the Notice of Removal, Defendants provided a short plain statement of the grounds for removal and for this Court's jurisdiction, which were grounds premised upon federal question based on Plaintiff's claims for a violation under the FDCPA. *See generally,* Doc. 1; *see also*

*Kowallek v. PNC Bank, N.A., No. 15-14126-Civ-Martinez/Bran*, 2015 U.S. Dist. LEXIS 195539, at *1 (S.D. Fla. Aug. 26, 2015) ("The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citations omitted). "Under the well-pleaded complaint rule, the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (internal citations and quotation marks omitted).

Under 28 U.S.C. § 1441, when a case is removed to federal court based on federal question jurisdiction, the district court must sever all claims for which the court does not have original or supplemental jurisdiction. 28 U.S.C. § 1441(c). Here, Plaintiff's FCCPA claim clearly does not fall within the original jurisdiction of this Court; however, Defendants noted that this "Court has the discretion to exercise supplemental jurisdiction over any state law." Doc. 1 at p. 4; *see also* 28 U.S.C. § 1367(a) (A state claim falls within the Court's supplemental jurisdiction if it is "so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution."). Defendants further noted that Plaintiff's claims for violation of the FCCPA have "arisen out of the same factual allegations as the claims under the FDCPA." *Id.* Thus, Plaintiff's FCCPA claims pertain to Defendants' conduct and, therefore, this Court has discretion to exercise supplemental jurisdiction to review this claim. 28 U.S.C. § 1441(c).

Thus, both original and supplemental jurisdiction exists for federal court jurisdiction based on a combined reading of 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

    **B.**    **Plaintiff's Complaint Allows for A Reasonable Inference to Be Drawn That He Suffered Emotional Distress as A Result of Defendants' Alleged Conduct And, Therefore, Plaintiff Confers Article III Standing to Sue.**

Article III grants the federal courts the judicial power to resolve actual cases or controversies. U.S. Const. art. III §§ 1-2; *see also Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d

6

990, 996 (11th Cir. 2020) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). A plaintiff therefore possesses constitutional standing to maintain a suit only where he has suffered some injury in fact caused by the defendant, and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.*" Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotation omitted). To meet this requirement, a plaintiff must "present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff." *Miccosukee Tribe of Indians v. Florida State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (quoting *Cone Corp. v. Fla. Dep't of Transp*., 921 F.2d 1190, 1204 (11th Cir. 1991)).

Over time, the injury-in-fact requirement has been clarified and refined. *See, e.g., Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50, 194 L. Ed. 2d 635 (2016); *Nicklaw v. Citimortgage, Inc*., 839 F.3d 998, 1001 (11th Cir. 2016). A plaintiff cannot demonstrate injury-in-fact whenever Congress has granted a statutory right and authorized suit; rather, a plaintiff must show "a concrete injury even in the context of a statutory violation." *Spokeo,* 136 S. Ct. at 1549; *see also Trichell*, 964 F.3d at 998; *Nicklaw*, 839 F.3d at 1002; *Cooper v. Atl. Credit & Fin., Inc*., 822 F. App'x 951, 953 (11th Cir. 2020). Therefore, a plaintiff must plead and ultimately prove concrete harm that is more than a "bare procedural violation." *Id*. at 953 (quoting *Spokeo*, 136 S. Ct. at 1549).

When a plaintiff alleges an intangible injury from a statutory violation, as in here, the history and the judgment of Congress "play important roles" in determining whether the injury is sufficiently concrete. *Spokeo,* 136 S. Ct. at 1549.  Plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute" grants them the right to sue; they still must allege a

7

"concrete" harm that is more than a "bare procedural violation." *Id*. As is clear, "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 1548 (quotations omitted). A plaintiff need not wait for an injury to occur, so long as he "is immediately in danger of sustaining some direct injury "as a result of the challenged official conduct and the injury or threat of injury is both "real and immediate," not "conjectural" or "hypothetical." *Corbett v. Transp. Sec. Admin*., 930 F.3d 1225, 1232 (11th Cir. 2019) (quotations omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) ("A threatened injury must be certainly impending to constitute injury in fact.") (quotations omitted).

The *Trichell* Court further clarified Article III standing for FDCPA claims. *Trichell,* 964 F.3d at 995. The *Trichell* Court considered whether two FDCPA plaintiffs had Article III standing. *Id.* The *Trichell* plaintiffs received collection letters designed to entice them into making payments on time-barred debts, potentially giving rise to new limitations periods. *Id.* Although neither plaintiff made a payment, they asserted standing based on risk and informational injuries, which they considered concrete. *Id.* The Eleventh Circuit found the plaintiffs lacked standing for three reasons: (1) they did "not allege that the collection letters posed any risk of harm to themselves[,] (2) "any risk that the letters may have posed to them had dissipated by the time they filed suit [']" and (3) "an asserted informational injury that cases no adverse effects cannot satisfy Article III." *Id.* at pp. 1000, 1004.

*Trichell* is inapposite here because Plaintiff does not rely on risk or informational injuries to confer standing." *Id.* Here, Plaintiff asserts factual allegations that Defendants' collection letter was sent during the pandemic, which was "inconvenient," and during an "unusual circumstance" in violation of 15 U.S.C. § 1692c(a)(1). *Id.* at p. 5. Plaintiff further contends that "attempting to collect the Consumer Debt from Plaintiff amid the Pandemic would be reasonably expected to

harass Plaintiff…" *see e.g.*, Doc. 1–3 at ¶¶ 42–43. Thus, it would, therefore, follow that Plaintiff suffered emotional distress[2] as a result of receiving Defendants' collection notice.

Intangible injuries—like the emotional harms alleged by Plaintiff—can be concrete, especially when identified by Congress as legally cognizable injuries. *Spokeo*, 136 S. Ct. at 1549. The FDCPA allows a plaintiff to recover "any actual damages sustained" as a result of a violation. *Id.*; *see also* 15 U.S.C. § 1692k(a)(1). And "[a]ctual damages under the FDCPA include damages for emotional distress." *Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011). As such, Plaintiff's claims for emotional harms, therefore, give him Article III standing to file this suit.

> **C. The Eleventh Circuit Has Previously Determined Article III Standing for FDCPA Claims After Reviewing Plaintiff's Deposition Testimony and Summary Judgment Evidence Regarding Damages.**

Although this case is at its infancy stage, the Eleventh Circuit, and courts within the Eleventh Circuit, have held that "actual damages" may be elicited through Plaintiff's deposition and summary judgment evidence to confer Article III standing for FDCPA claims – even where the complaint alleges "statutory damages". *See Tsao v. Captiva MVP Rest. Partnres, Ltd. Liab. Co.*, 986 F.3d 1332, 1338 n.1 (11th Cir. 2021) (citing *Trichell,* 964 F. 3d at 997) (recognizing that "[i]ntangible injuries, such as a mere statutory violation will sometimes qualify as concrete, but that injury depends upon the context of the statutory violation.").

The case illustrative of this point is: *Kottler v. Gulf Coast Collection Bureau, Inc.* 2021 U.S. App. LEXIS 4002 *2 (11th Cir. 2021)(unpublished). In *Kottler,* the Eleventh Circuit addressed plaintiff's claim that a debt collector violated the FDCPA by mailing a validation notice

---

[2] Defendants deny any existence of actual injury or harm as to Defendant CCB sending a letter on March 18, 2020; however, Article III exist to this point since the allegations within the complaint implicitly assert more than in an intangible injury caused by the alleged impact of the letter rather than merely its content.

to her for a debt arising from an injury that was subject to a pending workers' compensation claim. *Id.* Defendant argued that Plaintiff suffered no concrete injury to give her standing to sue. *Id.* The Eleventh Circuit found that Plaintiff had standing to sue, citing her deposition testimony that she was "clustered and jumbled" when she received receiving collection calls and the messages "scared" her into calling back, and she feared that the company would "ruin her credit." *Id.* Ultimately, the Court held that Plaintiff was entitled to avoid communication concerning collection she did not owe, *see e.g.*, 15 U.S.C. § 1692e, she expended time addressing unwarranted collection calls and finding that those calls upset her. *See id.* (citing *Trichell*, 964 F.2d. at 997). Again, this was determined although the complaint only pled "statutory damages."

Similarly, in *Gause v. Med. Bus. Consultants, Inc.*, No. 8:18-cv-1726-T-30AAS, 2020 U.S. Dist. LEXIS 155725, at *1 (M.D. Fla. Aug. 27, 2020), the Plaintiff filed suit against a debt collector for sending a form collection letter in violation of the FDCPA and FCCPA. *Id.* The Defendant argued that *Trichell,* 964 F. 3d 990, supports reconsideration of the Court's Order denying summary judgment because Defendant did not contact Plaintiff, contest the debt, or suffer actual damages as a result of his receipt of the Letter. *Id.* But, as Plaintiff argues, in response, Defendant overlooked the harm that "[Plaintiff] testified that the Letter caused him and conflates "actual damages" with "concrete harm." *Id.* And, so the *Gause* Court, determined as follows:

> For example, Gause testified as follows. Gause is disabled due to serious cardiac issues. Dkt. 59, Ex. A at 32:19-33:9. When he received the Letter, he found it "**intimidating**" and it made him "**upset**." *Id*. at 11:9, 23. Gause testified that the instruction to contact MBC "immediately" or MBC "would have no choice but to assume this debt" is valid, received at a time when he was recovering from surgery and had "no money," was "**intimidating and frightening**." *Id.* at 13:19-14:1; *see also id.* at 16:23-24 ("When you're poor and you don't have money, and you receive a letter like this, it's intimidating."). Gause stated that all "[c]ollection letters are intimidating," but that the one from Defendant "stood out." *Id.* at 24:19-22. When Gause was asked how he was harmed by the Letter, he said receiving it was "emotionally stressful." *Id.* at 17:18. He testified that the language in the Letter

> "makes it scarier because [he is] not a person who likes to be in trouble," and the Letter made him feel like he was "in trouble." *Id.* at 25:4-6

*Gause,* No. 8:18-cv-1726-T-30AAS, 2020 U.S. Dist. LEXIS 155725, at *7 (M.D. Fla. Aug. 27, 2020) (emphasis added).  Thus, the Court found that Plaintiff's deposition supported "real and concrete injury associated with the Letter's statutory violations.  *Id.*

Like *Kottler* and *Gause,* the plaintiffs did not explicitly state that Plaintiffs *suffered* actual damages as a result of Defendants' actions in the Complaint, but the Court found that they suffered "actual damages" based on the evidence presented in the record.  *Kottler*, 2021 U.S. App. LEXIS 4002 *2; *Gause,* No. 8:18-cv-1726-T-30AAS, 2020 U.S. Dist. LEXIS 155725, at *7.  Just like our case, where Plaintiff has alleged that Defendants violated the FDCPA and FCCPA when they sent a collection letter during the ongoing pandemic.

Even though the Complaint does not allege a particularized injury, the Eleventh Circuit, and courts within the Eleventh Circuit, have found that Article III standing can be asserted as the parties proceed toward discovery. As applied here, a reasonable inference can be made that Plaintiff would allege and contend that he suffered emotional distress after receiving Defendants' collection letter during the pandemic.  *See* Doc. 1–3 at pp. 6–12.  This factual contention can certainly be teased out and elicited through discovery and deposition testimony. To provide otherwise, would foreclose Defendants' right to confer federal court jurisdiction and allow Plaintiff to amend his complaint to add "actual damages" in discovery in a state court proceeding.

Not to mention, the holdings in *Kottler* and *Gause*, provide that Plaintiff can establish Article III standing by alleging "emotional distress" damages beyond the four corners of the Complaint for FDCPA claims.  *Kottler*, 2021 U.S. App. LEXIS 4002 *2; *Gause,* No. 8:18-cv-1726-T-30AAS, 2020 U.S. Dist. LEXIS 155725, at *7.  Thus, this court should follow suit and find that Plaintiff's claims confer Article III standing to sue for his FDCPA and FCCPA claims.

### D.  Plaintiff Cites to Cases that Are Factually Inapposite to The Case at Bar to Support His Proposition and Are, Therefore, Inapplicable.

What is more, Plaintiff mistakenly relies on cases involving a single allegedly unsolicited text message that allegedly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 227(b)) where plaintiffs relied on "wasted time," "informational" and "risk" injuries on whether this case confers Article III standing. *See e.g.*, *Avedyan v. CMR Constr. & Roofing, LLC*, No. 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149, at *6 (S.D. Fla. Nov. 24, 2020) (finding the operative complaint alleging a single unsolicited text message from Defendant was "devoid of any allegation that Plaintiff suffered a tangible or intangible harm"); *Jenkins v. Simply Healthcare Plans, Inc.*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *1 (S.D. Fla. Aug. 17, 2020) (holding that "[r]emand is the proper course" where removed TCPA text messaging complaint did not establish standing); *Mittenthal v. Fla. Panthers Hockey Club, Ltd*., No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 123127, at *18 (S.D. Fla. July 10, 2020) (same)

The teachings in *Avedyan, Jenkins,* and *Mittenhal*, do not apply to the factual scenario as the Courts analyzed the TCPA's legislative history, analog history, analogous common-law torts, Eleventh Circuit precedent, and the constitutional principles underlying the doctrine of standing, to conclude that a TCPA plaintiff's receipt of an unsolicited text message—without any concomitant allegation of harm—is insufficient to confer Article III standing. *See id*. at 1166-73. This case, however, does <u>not</u> involve a receipt of an "unconsented" text message and/or violations of the TCPA. Instead, the case involves a collection notice for an alleged debt related to Plaintiff's financing for his vehicle. *See generally* Doc. 1–3 at pp. 6–12; *see also Tsao v. Captiva MVP Rest. Partnres, Ltd. Liab. Co*., 986 F.3d 1332, 1338 n.1 (11th Cir. 2021) (citing *Trichell*, 964 F.3d at 997 (11th Cir. 2020)(recognizing that, "[i]ntangible injuries, <u>such as a mere statutory violation,</u>

will sometimes qualify as concrete, but that inquiry depends upon the context of the statutory violation.")) (emphasis added).

In sum, these cases do not address any factual situation even close to the multitude of facts relating to the activities alleged by Plaintiff in the Complaint. *Avedyan,* 2020 U.S. Dist. LEXIS 221149, at *6; *Jenkins,* 2020 U.S. Dist. LEXIS 147433, at *1; *Mittenthal*, 2020 U.S. Dist. LEXIS 123127, at *18. Thus, these cases are not only inapplicable, but do not support Plaintiff's proposition that Article III standing does not exist in this action. Thus, Plaintiff's motion is due to be denied.

**WHEREFORE,** Defendants, CCB CREDIT SERVICES, INC. AND WORLD OMNI FINANCIAL CORP., D/B/A SOUTHEAST TOYOTA FINANCE, request that this Court deny Plaintiff's, VINCENT GROSSI, Motion to Remand, award reasonable attorney fees and costs as provided for under applicable law, and grant such other further relief deemed appropriate.

Dated this **1st  day of April 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108
SKohlmyer@Shepardfirm.com
Leia V. Leitner, Esq.
Florida Bar No.: 0105621
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendants, CCB Credit Services, Inc. and World Omni Financial Corp., d/b/a Southeast Toyota Finance*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 1, 2021**, via the Clerk of Court's CM/ECF system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com and Thomas J. Patti, Esquire at tom@ jibraellaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108